AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 8:17-mj-01117-JSS |
| RAMON GREEN | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ February 4, 2017 _____ in the county of _____ Pinellas _____ in the

_____ Middle _____ District of _____ Florida _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(C) | Possession with intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, and a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_Complainant's signature_

Scott Boshek, Special Agent, ATF
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 2/9/17

_Judge's signature_

City and state: _____ Tampa, Florida _____

JULIE S. SNEED, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Scott Boshek, being duly sworn, depose, and state:

### Introduction and Agent Background

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been employed by ATF since February 2005. I have completed the Federal Law Enforcement Training Center's training course for Investigators and ATF's Special Agent Basic Training. During this training, I learned about the federal firearms statutes, as well as other violations of the United States Code, including violent crimes and narcotics offenses. During the course of my career with ATF, I have developed extensive experience investigating firearms offenses, violent crimes, and narcotics offenses.

### Statutory Authority

2.      I submit this affidavit in support of a criminal complaint charging defendant **Ramon GREEN** with possession with intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, and a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The ATF and other law enforcement agencies are investigating this crime, which took place in the Middle District of Florida.

3.    The averments contained in this Affidavit are based on my personal knowledge and/or reliable information related to me by members of the St. Petersburg Police Department ("SPPD"), the Pinellas County Sheriff's Office ("PCSO") and/or other law enforcement officers. Because of the limited purpose of this Affidavit, however, I have not included each and every fact known to me. I have included only those facts that I believe are necessary to establish probable cause supporting the requested complaint.

### Probable Cause

4.    On or about February 4, 2017, at approximately 4:15 am, the SPPD received a call concerning a gunshot heard in the area around 21st Avenue North and 49th Street North in St. Petersburg, in the Middle District of Florida. Upon receiving the call, officers immediately responded, made contact with, and engaged in conversation with the complainant on the street in that area.

5.    During the officers' discussion with the complainant, a black Jeep SUV drove by. The complainant stated that this was the same vehicle he had seen speed away from the area following the gunshot. As a result, the officers approached the driver of the Jeep SUV, who was closing a gate leading to a residence at 4918 21st Avenue North in St. Petersburg, Florida, near where the driver had parked the SUV.

6.    As the officers made contact with the driver, later identified as **Ramon GREEN**, the officers immediately saw large amounts of blood on **GREEN's** clothing, triggering the officers to engage in further conversation with **GREEN**.

2

7.    During this discussion, **GREEN**, who was frantic, informed the officers that he had just transported a woman to the St. Petersburg General Hospital because she was the victim of a gunshot. **GREEN** further stated that he was inside the residence at 4918 21st Avenue North when he heard the gunshot. Green stated that he then heard a scream, causing him to exit the residence's rear door to investigate. **GREEN** stated that upon going outside he saw the woman on the ground with blood from an apparent gunshot wound. **GREEN** additionally stated that he returned to the residence after dropping the woman off at the hospital in order to secure the residence, and that he planned to return to the hospital.

8.    Upon hearing **GREEN's** statements, officers contacted St. Petersburg General Hospital and learned that the woman was at their facility suffering from four gunshot wounds. Hospital staff told the officers that the woman's condition was "touch and go."

9.    **GREEN** also told the investigating officers that the woman is his girlfriend, that she rents the residence 4918 21st Avenue North in St. Petersburg, that he stays there one to two nights per week, and that he had clothes inside.

10.    Upon concluding the interview with **GREEN**, the officers walked over to where **GREEN** stated he had located the woman. The officers saw blood on the carport floor of the residence and also noticed a strong odor of marijuana coming from within the residence, which led to SPPD Vice & Narcotic detectives being called the scene.

3

11.    Responding detectives successfully obtained a state search warrant for the residence.

12.    During the execution of the search warrant, detectives located and seized the following illegal substances from inside the residence:  approximately 4.9 ounces of a substance that field-tested positive for cocaine; and over 12 pounds of a substance that field-tested positive for marijuana.

13.    In addition to the above narcotics, the detectives also found the following items inside the residence:  numerous digital scales; a food presser with plastic baggies; a utility bill for the residence in **GREEN's** name; probation paperwork in **GREEN's** name; a vehicle title in **GREEN's** name; and a man's clothing.  In my training and experience, the scales, food presser, and plastic baggies are consistent with distributing narcotics.

14.    In addition to the items seized from within the residence, during the course of the investigation, a parcel was delivered to the residence. Investigators obtained a state search warrant for the parcel, which contained approximately 3.5 ounces of a substances that field-tested positive for MDMA (ecstasy).

## Conclusion

15.   Based upon the foregoing information, I respectively submit that
probable cause exists to believe that **GREEN** violated 21 U.S.C. § 841(a)(1) by
possessing with intent to distribute a quantity of a mixture and substance containing
a detectable amount of marijuana, a Schedule I controlled substance, and a quantity
of a mixture and substance containing a detectable amount of cocaine, a Schedule II
controlled substance.

Scott Boshek
Special Agent, ATF

Sworn to before me in Tampa, Florida
this ___9___ day of February, 2017.

JULIE S. SNEED
United States Magistrate Judge

5